The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAULETTE BECK, as Personal Representative of the ESTATE OF PIPER TRAVIS, deceased; and PAULETTE and GREGORY BECK, individually,<br><br>                    Plaintiffs,<br><br>   vs.<br><br>SNOHOMISH COUNTY, a municipal corporation; TY TRENARY, MAGELLAN ANDERSON, EMERSON YABUT, CONNER SMITH, BIK-YEE URBAN, KARIN HEUSTED, JASON BURNS, HEALTH PROS NORTHWEST, INC., JEANNE DUNHAM, JOSEPH KING, and JOHN DOES 1-10,<br><br>                  Defendants. | No. C18-1827-RSL<br><br>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT |

Defendants Snohomish County, Ty Trenary, Magellan Anderson, and Emerson Yabut, in answer to Plaintiffs' Complaint, admit, deny, and/or affirmatively allege as follows:

## I.    NATURE OF THE CASE

Answering the first section of Plaintiffs' Complaint, Defendants admit that Piper Travis was a 34-year-old woman who was detained for approximately 11 days at the Snohomish County Jail in November and December 2017 and was awaiting trial on misdemeanor charges.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 1
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

Defendants admit that Ms. Travis developed what would later be identified as pneumococcal meningitis and that the disease has a high mortality rate. Defendants deny that they ignored Ms. Travis's alleged pain and suffering and that they offered her no treatment. Defendants admit that Ms. Travis, at various times during her incarceration, was observed to be moaning, yelling, screaming, speaking incoherently, and unable or unwilling to walk, stand, dress herself, talk, or control her bodily functions, but deny that they ignored these symptoms. Defendants admit that Ms. Travis, at various times during her incarceration, displayed confusion, disorientation, and apparent physical distress, but deny that they ignored these symptoms. Defendants deny that they indicated to outside medics that Ms. Travis was faking her symptoms or experiencing a "psych" issue. Defendants deny that Ms. Travis's symptoms were obviously medical in nature, that they withheld treatment or care, and that they acted with disdain or punished Ms. Travis.

The remaining allegations in the first section of Plaintiffs' Complaint are legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

## II.    PARTIES

2.1    Defendants admit that Ms. Beck is the Personal Representative of Ms. Travis's estate. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2.1 of Plaintiffs' Complaint, and therefore deny them.

2.2    Defendants admit that Ms. Travis was 34 years old when she became ill while housed at the Snohomish County Jail on misdemeanor charges and that she was entitled to all rights, privileges, and immunities guaranteed under state and federal law, and the constitutions of the United States and Washington. Defendants are without sufficient information upon which to form

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 2
C18-1827-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

a belief as to the truth or falsity of the remaining allegations in Paragraph 2.1 of Plaintiffs' Complaint, and therefore deny them.

2.3     Defendants deny that Snohomish County is a municipal corporation and affirmatively allege that it is a political subdivision of the State of Washington. Defendants admit that Snohomish County operates the Snohomish County Jail through the Snohomish County Sheriff's Office. Defendant admits that it employed or contracted with the named Defendants in the case. The remaining allegations in Paragraph 2.3 of Plaintiffs' Complaint are legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

2.4     Defendants admit that Defendant Ty Trenary is the elected Sheriff of Snohomish County and that he is responsible for the operation, administration, and management of the Sheriff's Office and the Jail. Defendants deny that Defendant Trenary is personally responsible for evaluating the conduct of each SCSO employee, investigating every allegation of misconduct, and imposing every level of discipline when warranted, but admit that Defendant Trenary has ultimate oversight on matters of employee conduct and discipline. Defendants deny any remaining or other allegations in Paragraph 2.4 of Plaintiffs' Complaint.

2.5     Defendants admit that Defendant Anderson was employed by Snohomish County as a corrections deputy at the time of Ms. Travis's incarceration and that the duties of corrections deputies includes monitoring inmates and summoning appropriate personnel to address any known physical or mental health issues. Defendants admit that Defendant Anderson was acting under color of law and within the course and scope of his employment. Defendants deny any remaining or other allegations in Paragraph 2.5 of Plaintiffs' Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 3
C18-1827-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

2.6     Defendants admit that Defendant Yabut was employed by Snohomish County as a corrections deputy at the time of Ms. Travis's incarceration and that the duties of corrections deputies includes monitoring inmates and summoning appropriate personnel to address any known physical or mental health issues. Defendants admit that Defendant Yabut was acting under color of law and within the course and scope of his employment. Defendants deny any remaining or other allegations in Paragraph 2.6 of Plaintiffs' Complaint.

2.7     Defendants admit that Defendant Smith was licensed in Washington as a registered nurse and employed by Snohomish County as a nurse at the Jail. Defendants admit that his duties and responsibilities at various times included performing nursing assignments, conducting "fit for jail" assessments, assessing the health care needs of inmates, and determining whether follow-up care was appropriate. Defendants admit that Defendant Smith was acting under color of law and within the course and scope of his employment. Defendants deny any remaining or other allegations in Paragraph 2.7 of Plaintiffs' Complaint.

2.8     Defendants admit that Defendant Urban was licensed in Washington as a registered nurse and employed by Snohomish County as a nurse at the Jail. Defendants admit that her duties and responsibilities at various times included performing nursing assignments, conducting "fit for jail" assessments, assessing the health care needs of inmates, and determining whether follow-up care was appropriate. Defendants admit that Defendant Urban was acting under color of law and within the course and scope of her employment. Defendants deny any remaining or other allegations in Paragraph 2.8 of Plaintiffs' Complaint.

2.9     Defendants admit that Defendant Heusted worked as an ARNP employed by the County at the Jail. Defendants admit that her duties and responsibilities at various times included

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 4
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

performing nursing duties and acting as a medical provider, and that she was one of the medical staff members who had authority to authorize the transfer of an inmate to a hospital. Defendants admit that Defendant Heusted was acting under color of law and within the course and scope of her employment. Defendants deny any remaining or other allegations in Paragraph 2.9 of Plaintiffs' Complaint.

2.10    Defendants admit that Defendant Burns was employed by the County as a Mental Health Professional at the Jail. Defendants admit that his duties and responsibilities at various times included performing mental assessments, evaluating the need to initiate or terminate special watches, assessing the mental health care needs of inmates, assessing the potential risk of inmate self-harm, and determining whether follow-up care was appropriate. Defendants admit that Defendant Burns was acting under color of law and within the course and scope of his employment. Defendants deny any remaining or other allegations in Paragraph 2.10 of Plaintiffs' Complaint.

2.11    Defendants admit that Defendant Health Pros Northwest is a for-profit corporation licensed under the laws of the State of Washington and that the County contracted with Defendant Health Pros Northwest to provide appropriately qualified temporary nursing and healthcare personnel for the Jail on an as-needed or when-needed basis. Defendants admit that Defendant Health Pros Northwest had the contractual right to direct and control its own activities in providing the agreed services in accordance with the specifications in the contract. Defendants admit that the County agreed to inform Defendant Health Pros Northwest staff of County-specific policies and procedures and that Defendants Dunham and King were working at the Jail under

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 5
C18-1827-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

the contract between the County and Health Pros Northwest. Defendants deny any remaining or other allegations in Paragraph 2.11 of Plaintiffs' Complaint.

2.12    Defendants admit that Defendant Dunham was licensed in Washington as a registered nurse and employed by Defendant Health Pros Northwest under its contract with the County. Defendants admit that her duties and responsibilities at various times included performing nursing assignments, conducting "fit for jail" assessments, assessing the health care needs of inmates, and determining whether follow-up care was appropriate. Defendants admit that Defendant Dunham was acting under color of law and within the course and scope of her employment. Defendants deny any remaining or other allegations in Paragraph 2.12 of Plaintiffs' Complaint.

2.13    Defendants admit that Defendant King was licensed in Washington as a registered nurse and employed by Defendant Health Pros Northwest under its contract with the County. Defendants admit that his duties and responsibilities at various times included performing nursing assignments, conducting "fit for jail" assessments, assessing the health care needs of inmates, and determining whether follow-up care was appropriate. Defendants admit that Defendant King was acting under color of law and within the course and scope of his employment. Defendants deny any remaining or other allegations in Paragraph 2.13 of Plaintiffs' Complaint.

2.14    Defendants John Does 1-10 are presently unidentified and Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 2.14 of Plaintiffs' Complaint, and therefore deny them.

### III.     JURISDICTION AND VENUE

3.1    Defendants admit.

3.2    Defendants admit.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 6
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

3.3     Defendants admit.

## IV.     FACTS

4.1     Defendants deny that the vehicle Ms. Travis was riding in was pulled over because the driver was not wearing his seatbelt. Defendants affirmatively allege that Ms. Travis was driving the vehicle, that the passenger was the person who was not wearing a seatbelt, and that prior to the vehicle being pulled over, the Washington State Patrol trooper discovered that the registered owner of the vehicle (*i.e.*, Ms. Travis) had an active warrant for her arrest. Defendants admit that Ms. Travis was arrested and booked into the Jail. Defendants deny any remaining or other allegations in Paragraph 4.1 of Plaintiffs' Complaint.

4.2     Defendants deny that Defendant Smith obtained Ms. Travis's vital signs during booking and affirmatively allege that Defendant Smith conducted her urine screen, pregnancy test, and medication verification. Defendants admit that Ms. Travis's vital signs at booking were: blood pressure of 114/69, pulse of 87, respiration of 16, temperature of 98.2 degrees, and blood oxygen saturation of 100%. Defendants admit that based on Ms. Travis's medical presentation and other information, she was cleared for booking. Defendants further admit that Ms. Travis was assigned to housing in one of the Jail's psychiatric modules, which was consistent with her admitted history of bi-polar disorder and her classification and housing status during prior incarcerations. Defendants deny any remaining or other allegations in Paragraph 4.2 of Plaintiffs' Complaint.

4.3     Defendants admit that on the morning of November 21, 2017, Ms. Travis made an in-custody court appearance. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.3 of Plaintiffs'

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 7
C18-1827-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

Complaint, and therefore deny them. Defendants deny any remaining or other allegations in Paragraph 4.3 of Plaintiffs' Complaint.

4.4     Defendants admit that the module log entries regarding Ms. Travis between November 21 and November 28 generally refer to her recreation time in the modules and some inter-module transfers. Defendants deny any remaining or other allegations in Paragraph 4.4 of Plaintiffs' Complaint.

4.5     Defendants admit that additional comments recording Ms. Travis's behavior and treatment appear in the Jail's records on and after November 28th. Defendants deny any remaining or other allegations in Paragraph 4.5 of Plaintiffs' Complaint.

4.6     Defendants admit that on November 28th Corrections Deputy Munson made a module log entry regarding Ms. Travis's behavior in her cell and her report of a painful headache. Defendants deny the entry was made at approximately 4:47 A.M. Defendants deny any remaining or other allegations in Paragraph 4.6 of Plaintiffs' Complaint.

4.7     Defendants admit that Corrections Deputy Munson summoned medical personnel in response to Ms. Travis's reported headache.

4.8     Defendants admit that Ms. Travis was evaluated by Defendant Smith, and that Ms. Travis commented that she had no history of migraines and that other inmates "sabotaged" her, giving her the headache. Defendants deny any remaining or other allegations in Paragraph 4.8 of Plaintiffs' Complaint.

4.9     Defendants deny that there was no history or injury to explain Ms. Travis's headache and that Defendant Smith failed to conduct a meaningful medical assessment. Defendants deny that Defendant Smith failed to obtain a medical history or obtain vital signs from Ms. Travis.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 8
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

Defendants deny that Defendant Smith failed to arrange for any follow-up assessment or treatment. Defendants admit that Defendant Smith provided Ms. Travis with pain medication. Defendants deny any remaining or other allegations in Paragraph 4.9 of Plaintiffs' Complaint.

4.10     Defendants admit that after Ms. Travis was assessed by medical personnel, Corrections Deputy Munson made a module log entry with his observations of her behavior and that he asked her to be respectful of the other inmates in the module. Defendants deny any remaining or other allegations in Paragraph 4.10 of Plaintiffs' Complaint.

4.11     Defendants admit that Jail records indicate Ms. Travis declined her recreational time on November 28th due to her headache and that she also declined to eat lunch or attend her Professional Visit. Defendants deny any remaining or other allegations in Paragraph 4.11 of Plaintiffs' Complaint.

4.12     Defendants admit that Jail records indicate Ms. Travis was hard to rouse from sleep on November 28th when visited by Classifications Specialist Leopold. Defendants deny any remaining or other allegations in Paragraph 4.12 of Plaintiffs' Complaint.

4.13     Defendants admit that on November 29th at 7:13 A.M. Defendant Yabut made a module log entry describing Ms. Travis's behavior, indicating that she was making strange noises, was slow to process, and required numerous promptings before she would comply. Defendants deny any remaining or other allegations in Paragraph 4.13 of Plaintiffs' Complaint.

4.14     Defendants admit that Defendant Yabut did not offer Ms. Travis her recreation time at approximately 4:38 A.M. on November 29th due to her incoherent behavior and inability to follow instructions, but deny that it was disciplinary in nature. Defendants deny any remaining or other allegations in Paragraph 4.14 of Plaintiffs' Complaint.

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

4.15    Defendants admit that on November 29th at 3:11 P.M. Defendant Anderson made a module log entry noting Ms. Travis's refusal to return her meal tray and spork and that he requested sack meals for the next three days as a deterrent. Defendants deny that the behavior was interpreted as insubordination or that the request was disciplinary in nature. Defendants admit that Defendant Anderson also noted that Ms. Travis had been moaning sporadically all day. Defendants deny any remaining or other allegations in Paragraph 4.15 of Plaintiffs' Complaint.

4.16    Defendants admit that on November 30th at 6:22 A.M. Defendant Yabut made a module log entry noting the refusal of breakfast by Ms. Travis and another inmate. Defendants deny any remaining or other allegations in Paragraph 4.16 of Plaintiffs' Complaint.

4.17    Defendants admit that on November 30th at 6:52 A.M. Defendant Yabut made a module log entry noting that Ms. Travis would not wear her pants and that when she was not sleeping, she was screaming. Defendants deny any remaining or other allegations in Paragraph 4.17 of Plaintiffs' Complaint.

4.18    Defendants admit that on November 30th at 3:00 P.M. Defendant Anderson made a module log entry noting Ms. Travis had feces on her hands, her uniform, and upon the wall in her cell. Defendants admit that Defendant Anderson asked Ms. Travis to change into a clean uniform once he stepped away from her cell and that he provided her with cleaning materials for her cell. Defendants admit that Defendant Anderson directed Ms. Travis to the shower so she could clean herself and asked her to confirm that she was dressed before exiting the shower. Defendants admit that Defendant Anderson observed Ms. Travis shuffle at a slow speed as she walked on her own to and from the shower and that she later refused her Professional Visit. Defendants deny any remaining or other allegations in Paragraph 4.18 of Plaintiffs' Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 10
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

4.19    Defendants deny that Defendant Anderson observed any confusion or inability by Ms. Travis to read numbers he wrote in large font on a piece of paper. Defendants deny that the module log entry about "MAX" related to Ms. Travis. Defendants deny any remaining or other allegations in Paragraph 4.19 of Plaintiffs' Complaint.

4.20    Defendants admit that Corrections Deputy Farrell made no module log entries on November 30th from 4:00 P.M. until midnight that specifically mentioned Ms. Travis and that Deputy Farrell's shift summary noted that there was nothing significant to report. Defendants deny any remaining or other allegations in Paragraph 4.20 of Plaintiffs' Complaint.

4.21    Defendants admit that Corrections Deputy Guerrero began her shift at midnight on December 1st and that she began conducting module checks every 30 minutes at the start of her shift. Defendants admit that Deputy Guerrero entered the quoted module log note and that she requested medical personnel for Ms. Travis after observing Ms. Travis's behavior. Defendants deny any remaining or other allegations in Paragraph 4.21 of Plaintiffs' Complaint.

4.22    Defendants admit that at approximately 1:15 A.M. on December 1st, Defendant Dunham responded to the E1 module to evaluate Ms. Travis, and that Defendant Dunham was an agency nurse employed by Defendant Health Pros Northwest, Inc. Defendants admit that Defendant Dunham's chart note for the visit indicates that Ms. Travis was screaming out at the time, urinating on herself, would look at Defendant Dunham called her name, and that the cell had the smell of feces and urine. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.22 of Plaintiffs' Complaint, and therefore deny them.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 11
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

4.23    Defendants admit that Defendant Dunham's chart note for the visit indicates that she tried to obtain Ms. Travis's blood oxygen saturation but that Ms. Travis would not cooperate. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.23 of Plaintiffs' Complaint, and therefore deny them.

4.24    Defendants admit that at approximately 1:29 A.M. on December 1st, Defendant Dunham departed the E1 module. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.24 of Plaintiffs' Complaint, and therefore deny them.

4.25    Defendants admit that following her assessment of Ms. Travis, Defendant Dunham ordered Ms. Travis transferred to the Jail's Observation Unit on a behavioral watch and that Defendant Dunham's chart note indicates that she planned to notify mental health personnel. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.25 of Plaintiffs' Complaint, and therefore deny them.

4.26    Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 4.26 of Plaintiffs' Complaint, and therefore deny them.

4.27    Defendants admit that surveillance video from the Jail shows Deputies Guerrero, Lewis, Mount, and Balentine carrying Ms. Travis to a wheelchair for transport to the Observation Unit. Defendants admit that Deputy Guerrero entered the quoted module log note, but deny that the recorded behaviors occurred during Ms. Travis's transport to the wheelchair. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.27 of Plaintiffs' Complaint, and therefore deny them.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 12
C18-1827-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

4.28     Defendants admit that Ms. Travis's behavioral watch consisted of a written observation of Ms. Travis's behavior every 30 minutes, that Ms. Travis's watch began at approximately 2:30 A.M. on December 1st, and that the quoted entries were made on Ms. Travis's Special Watch Log. Defendants deny any remaining or other allegations in Paragraph 4.28 of Plaintiffs' Complaint.

4.29     Defendants admit that there are no observation entries on Ms. Travis's Special Watch Log between 7:30 A.M. and 4:00 P.M. and that no other record refers to this omission. Defendants deny any remaining or other allegations in Paragraph 4.29 of Plaintiffs' Complaint.

4.30     Defendants admit that Defendant Burns visited Ms. Travis on December 1st in the Observation Unit but deny that the visit occurred at 10:30 A.M. Defendants admit that Defendant Burns entered a chart note but deny that the purported quote of the chart note is completely accurate. Defendants deny any remaining or other allegations in Paragraph 4.30 of Plaintiffs' Complaint.

4.31     Defendants admit that Defendant Urban was a Jail nurse who assessed Ms. Travis on December 1st in the Observation Unit, but deny that she accompanied Defendant Burns during his visit. Defendants admit that Defendant Urban's chart note for the visit indicates that Ms. Travis was resisting too much to take vital signs even after Defendant Urban requested the assistance of another deputy. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.31 of Plaintiffs' Complaint, and therefore deny them.

4.32     Defendants admit that Ms. Travis's medical record indicates that on December 1st at 4:22 P.M. Defendant Heusted scheduled a provider sick call appointment for Ms. Travis on December

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 13
C18-1827-RSL

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

4th. Defendants deny any remaining or other allegations in Paragraph 4.32 of Plaintiffs' Complaint.

4.33    Defendants admit that the quoted descriptions and times of Ms. Travis's behavior appear in her Special Watch Log. Defendants deny any remaining or other allegations in Paragraph 4.33 of Plaintiffs' Complaint.

4.34    Defendants admit that Defendant King recorded the quoted vital signs for Ms. Travis at approximately 7:43 P.M. on December 1st. Defendants deny any remaining or other allegations in Paragraph 4.34 of Plaintiffs' Complaint.

4.35    Defendants admit that Defendant King entered a chart note at 7:48 P.M. on December 1st but deny that the purported quote of the chart note is completely accurate. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.35 of Plaintiffs' Complaint, and therefore deny them.

4.36    Defendants admit that Defendant Heusted entered a chart note on December 6th that indicates Defendant King had reported to Defendant Heusted on December 1st that he was concerned about the report that Ms. Travis was not eating well, had not been talking, and had resisted vital signs earlier in the day. Defendants admit that Defendant Heusted's chart note reflects that, in response, she ordered continued observation and a call if Ms. Travis's condition changed. Defendants admit that Defendant Heusted's chart note indicates she received a call from Defendant King at on December 1st at 7:51 P.M. reporting that Ms. Travis "did not look good" and that the deputy on duty was concerned. Defendants admit that Defendant Heusted ordered Ms. Travis transferred to the hospital for further assessment. Defendants deny any remaining or other allegations in Paragraph 4.36 of Plaintiffs' Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 14
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

4.37    Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 4.37 of Plaintiffs' Complaint, and therefore deny them.

4.38    Defendants deny that there is any correlation between declaring a medical emergency and a requirement to write "an incident report." Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.38 of Plaintiffs' Complaint, and therefore deny them.

4.39    Defendants admit that on December 1st a two-person EMT team arrived at the Jail to transport Ms. Travis to the hospital. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4.39 of Plaintiffs' Complaint, and therefore deny them.

4.40    Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 4.40 of Plaintiffs' Complaint, and therefore deny them.

4.41    Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 4.41 of Plaintiffs' Complaint, and therefore deny them.

4.42    Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 4.42 of Plaintiffs' Complaint, and therefore deny them.

4.43    Defendants admit that Ms. Travis's hospital record contains the quoted vital sign readings and descriptions and that the clinical impression was sepsis, probable meningitis, and acute respiratory failure. Defendants deny any remaining or other allegations in Paragraph 4.43 of Plaintiffs' Complaint.

4.44    Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 4.44 of Plaintiffs' Complaint, and therefore deny them.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 15
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

4.45    Defendants deny that they notified Ms. Travis's family about her circumstances on December 5, 2017.

4.46    Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 4.46 of Plaintiffs' Complaint, and therefore deny them.

4.47    Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 4.47 of Plaintiffs' Complaint, and therefore deny them.

4.48    Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 4.48 of Plaintiffs' Complaint, and therefore deny them.

4.49    Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 4.49 of Plaintiffs' Complaint, and therefore deny them.

4.50    Defendants admit that Ms. Travis died on December 16, 2017, which was less than one month after she was booked into the Jail on her pending charges.

4.51    Defendants admit that they invited the Pierce County Sheriff's Office and a private consultant to review the Jail's operations, which resulted in recommendations regarding the Jail's operations. Defendants deny any remaining or other allegations in Paragraph 4.51 of Plaintiffs' Complaint.

4.52    Defendants admit that Pierce County officials were invited to review the Jail's operations in 2013 and that the quoted statements appear in the minutes of the final review meeting, attributed to the mental health reviewer and specifically directed at the observations of the then-existing mental health operations, not the medical operations. Defendants deny any remaining or other allegations in Paragraph 4.52 of Plaintiffs' Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 16
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

4.53    The allegations in Paragraph 4.53 of Plaintiffs' Complaint consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

4.54    The allegations in Paragraph 4.54 of Plaintiffs' Complaint consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

4.55    The allegations in Paragraph 4.55 of Plaintiffs' Complaint consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

4.56    Defendants deny that no investigation into the circumstances of Ms. Travis's death has been conducted. Defendants deny that they have failed to timely respond to Plaintiff's public record requests. Defendants admit that Plaintiff requested jail surveillance video but deny that such video must be released under the Public Records Act. Defendants deny that they have failed to produce any video clips of Ms. Travis to Plaintiff. Defendants deny any remaining or other allegations in Paragraph 4.56 of Plaintiffs' Complaint.

4.57    The allegations in Paragraph 4.57 of Plaintiffs' Complaint consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

4.58    The allegations in Paragraph 4.58 of Plaintiffs' Complaint consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

4.59    Defendants deny that Defendant Trenary and the County operate the Jail with inadequate policies and procedures. Defendants admit that there was no policy specifically related to how frequently vital signs are taken, but deny that there was no procedure or training. Defendants deny there was no policy, procedure, or training related to actions be medical personnel if an inmate refuses medical care. Defendants deny there was no policy, procedure, or training related to tracking an inmate's intake of food and fluids.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 17
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

4.60    Defendants admit that the County's contract with Defendant Health Pros Northwest required the County to inform Defendant Health Pros Northwest of the County's policies and procedures, and that any personnel provided by Defendant Health Pros Northwest were subject to oversight by the County and its staff regarding their professional services in the Jail. Defendants deny any remaining or other allegations in Paragraph 4.60 of Plaintiffs' Complaint.

## V.    FIRST CAUSE OF ACTION:  SECTION 1983-FOURTEENTH AMENDMENT VIOLATION – DELIBERATE INDIFFERENCE TO PIPER TRAVIS' SERIOUS MEDICAL NEED

5.1    Defendants admit.

5.2    The allegations in Paragraph 5.2 of Plaintiffs' Complaint are legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

5.3    The allegations in Paragraph 5.3 of Plaintiffs' Complaint are legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

5.4    The allegations in Paragraph 5.4 of Plaintiffs' Complaint are legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

5.5    The allegations in Paragraph 5.5 of Plaintiffs' Complaint are legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

## VI.    SECOND CAUSE OF ACTION:  SECTION 1983 CIVIL RIGHTS VIOLATON FOURTEENTH AMENDMENT RIGHTS – LOSS OF PARENT CHILD RELATIONSHIP

6.1    Defendants admit that legally-recognized parents have standing to sue for their own losses associated with the death of a child under 42 U.S.C. § 1983 and that they have a 14th Amendment liberty interest in the love, companionship, and relationship with their child. Defendants deny that individual plaintiffs Paulette and Gregory Beck are the legally-recognized parents of Ms. Travis.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 18
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

6.2    The allegations in Paragraph 6.2 of Plaintiffs' Complaint are legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

## VII.    THIRD CAUSE OF ACTION-STATE LAW
### CLAIM – OUTRAGE (State Law Claim-Outrage)

7.1    Defendants deny that they are liable to Plaintiffs for outrage based on the alleged failure to notify Ms. Travis's family of her medical condition. Defendants are without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7.1 of Plaintiffs' Complaint, and therefore deny them.

## VIII.   REQUEST FOR RELIEF

Defendants deny that Plaintiffs are entitled to an award or general or special damages or punitive damages from the individual, non-municipal Defendants. Defendants deny that Plaintiffs' request for attorney's fees and costs and other relief should be granted. As to any allegations in Plaintiffs' Complaint not expressly admitted or denied, Defendants deny the same.

## XI.    AFFIRMATIVE DEFENSES

Wherefore, having fully answered Plaintiffs' Complaint, Defendants Trenary, Anderson, Yabut and Snohomish County assert that discovery and investigation may reveal that any one or more of the following defenses should be available to them in this matter. Defendants Trenary, Anderson, Yabut and Snohomish County therefore assert the following affirmative defenses in order to preserve the right to assert them. If the facts warrant, Defendants Trenary, Anderson, Yabut and Snohomish County may withdraw any of these affirmative defenses as may be appropriate. Further, Defendants Trenary, Anderson, Yabut and Snohomish County reserve the right to amend this Answer to assert additional defenses, cross claims, counterclaims, or other

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 19
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

defenses. By way of further answer and affirmative defenses, Defendants Trenary, Anderson, Yabut and Snohomish County allege:

1.     **Failure to State a Claim:**   Plaintiffs have failed to state a claim against Defendants Trenary, Anderson, Yabut and Snohomish County upon which relief may be granted.

2.     **Failure to State a Claim Pursuant to 42 U.S.C. § 1983:**  Plaintiffs have failed to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983.

3.     **Comparative Fault:** The damages and/or injuries to Plaintiffs, if any, were proximately caused or contributed to by the fault of Plaintiffs. Defendants' liability, if any is later determined, should be reduced by the percentage of contributory fault of Plaintiffs.

4.     **Proximate Cause:** Plaintiffs cannot show that the alleged negligent and/or intentional acts or omissions or the alleged violations of Plaintiffs' civil rights was a proximate cause of injury and damage to Plaintiffs.

5.     **Qualified Immunity:** Defendants Trenary, Anderson, Yabut and Snohomish County are entitled to qualified immunity for the matters charged in Plaintiffs' Complaint.

6.     **Immunity:** Plaintiffs' claims are barred in whole or in part by the doctrines of absolute, common law, discretionary, and/or statutory immunity.

7.     **Good Faith:**  Defendants Trenary, Anderson, Yabut and Snohomish County, at all times, acted in good faith in the performance of their duties and therefore are immune from suit for the matters charged in Plaintiffs' Complaint.

8.     **Reasonable Exercise of Judgment:** The actions of Defendants Trenary, Anderson, Yabut and Snohomish County manifested a reasonable exercise of judgment and

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

discretion by authorized public officials and were made in the exercise of governmental authority entrusted to them by law. Such actions are neither tortious nor actionable.

9.    **Mitigation of Damages:** If Plaintiffs suffered any damages, recovery therefore is barred by Plaintiffs' failure to mitigate said damages.

10.    **Assumption of Risk:**  The injuries and damages, if any, claimed by the Plaintiffs herein, arise out of a condition of which Plaintiffs had knowledge and to which Plaintiffs voluntarily subjected themselves.

11.    **Third Party:** The injuries for which Plaintiffs seek relief were proximately caused, in whole or in part, by the acts or omissions of a third party.  Thus, liability of the responsible parties should be apportioned according to their individual degree of fault, and any judgment should be reduced accordingly.

12.    **Reservation of Right to Assert Additional Defenses:**  Defendants Trenary, Anderson, Yabut and Snohomish County reserve the right to assert additional affirmative defenses after having the opportunity to engage in discovery.

## PRAYER FOR RELIEF

Therefore, having answered Plaintiffs' Complaint by denying all allegations not expressly admitted herein, Defendants Trenary, Anderson, Yabut and Snohomish County pray for dismissal of Plaintiffs' Complaint with prejudice, for an award of all costs and attorney's fees, and for all other relief as the Court may deem just and proper and equitable.

///

///

///

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 21
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

DATED this 1st day of February, 2019.

ADAM CORNELL
Snohomish County Prosecuting Attorney


By:    *s/ Michael C. Held*

MICHAEL C. HELD, WSBA #19696
Deputy Prosecuting Attorney
Snohomish County Prosecutor's Office – Civil Division
3000 Rockefeller Avenue, M/S 504, Everett, WA  98201
Ph:  (425) 388-6330   /   Fax:  (425) 388-6333
mheld@co.snohomish.wa.us


By:    *s/ Geoffrey A. Enns*

GEOFFREY A. ENNS, WSBA #40682
Deputy Prosecuting Attorney
Snohomish County Prosecutor's Office – Civil Division
3000 Rockefeller Avenue, M/S 504, Everett, WA  98201
Ph:  (425) 388-6330   /   Fax:  (425) 388-6333
genns@co.snohomish.wa.us


*Attorneys for Defendants Snohomish County, Ty Trenary,*
*Magellan Anderson, and Emerson Yabut*

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 22
C18-1827-RSL

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

## DECLARATION OF SERVICE

I, Cindy Ryden, hereby declare that I am an employee of the Civil Division of the Snohomish County Prosecuting Attorney, and that on the 1st day of February, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States District Court-Western District by using the appellate CM/ECF system, and that I caused the foregoing to be delivered to the following parties by the methods indicated:

Braden C. Pence
Mazzone Law Firm, PLLC
3002 Colby Avenue, Suite 302
Everett, WA 98201

☒ *E-Served: bradenp@mazzonelaw.com*
☐ Facsimile:
☐ U.S. Mail, 1st Class, postage prepaid
☐ Hand Delivery
☐ Messenger Service

Cheryl L. Snow
Friedman Rubin, PLLC
51 University Street, Suite 201
Seattle, WA 98101-3614

*Co-Counsel for Plaintiffs*

☒ *E- Served:  csnow@friedmanrubin.com*
☐ Facsimile:
☐ U.S. Mail, 1st Class, postage prepaid
☐ Hand Delivery
☐ Messenger Service

Michele C. Atkins
Chad Beck
Fain Anderson Vanderhoef Rosendahl
O'Halloran Spillane, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104

*Attorney for Defendants Conner Smith,
Bik-Yee Urban, Karin Heusted, and Jason
Burns*

☒ *E- Served:  michele@favros.com;
       chad@favros.com*
☐ Facsimile:
☐ U.S. Mail, 1st Class, postage prepaid
☐ Hand Delivery
☐ Messenger Service

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 1st day of February, 2019 at Everett, Washington.

Cindy Ryden, Legal Assistant

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SNOHOMISH
COUNTY, TY TRENARY, MAGELLAN ANDERSON, AND EMERSON YABUT - 23
C18-1827-RSL

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333